IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

KFORCE INC.,

    Plaintiff,

v.      Civil Action No. 1:19cv0656 (LO/JFA)

THOMASRILEY STRATEGIES, L.L.C.,

    Defendant.

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

This matter is before the court on plaintiff Kforce Inc.'s ("Kforce" or "plaintiff") motion for default judgment (Docket no. 9) against defendant ThomasRiley Strategies, L.L.C. ("ThomasRiley" or "defendant"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

Plaintiff filed the complaint in this action on May 28, 2019. (Docket no. 1) ("Compl."). On May 29, 2019, the Clerk of Court issued a summons for service on ThomasRiley Strategies, L.L.C. at 6304 Spunkyheart Place, Clinton, Maryland 20735. (Docket no. 3). On July 3, 2019, plaintiff filed an affidavit of due diligence indicating that a process server had attempted to serve ThomasRiley, care of Ron Thomas, at 1455 Pennsylvania Avenue NW, Suite 400, Washington, D.C. 20004, on May 30, 2019 and June 12, 2019, and had attempted to serve Mr. Thomas at the Maryland address listed on the summons on May 30, 2019, June 3, 2019, June 4, 2019, June 10, 2019, and June 11, 2019. (Docket no. 5 at 1). All attempts were unsuccessful. (*Id.*). Plaintiff also filed an affidavit of service that indicated that the process server had served duplicate copies

of the summons, complaint, exhibits, and civil cover sheet on the Maryland Department of Assessments and Taxation on June 19, 2019. (*Id.* at 3).

On July 22, 2019, plaintiff filed a request for entry of default against defendant. (Docket no. 6). The Clerk of Court entered default as to defendant on July 24, 2019. (Docket no. 7). On July 25, 2019, the District Judge entered an order instructing plaintiff to promptly file a motion for default judgment and memorandum in support, and to notice the motion for a hearing before the undersigned on Friday, August 23, 2019 at 10:00 a.m. (Docket no. 8). On August 6, 2019, plaintiff filed a motion for default judgment against defendant (Docket no. 9) and a memorandum in support (Docket no. 10), and it noticed the motion for a hearing for August 23, 2019 (Docket no. 11). Plaintiff sent the motion for default judgment and supporting papers by certified mail to Ronald F. Thomas II, Managing Principal, ThomasRiley Strategies, L.L.C., at both the Washington, D.C. address and the Clinton, Maryland address. (Docket nos. 9, 10, 11). On August 23, 2019, counsel for plaintiff appeared at the hearing, and no one appeared on behalf of defendant.

### **Factual Background**

The following facts are established by the complaint (Docket no. 1) ("Compl.") and the incorporated copy of the executed Settlement Agreement ("Settlement Agreement" or "the Agreement") (Docket no. 1-1) ("Compl. Ex. A"). Kforce is a Florida corporation with its principal place of business in Tampa, Florida. (Compl. ¶ 1). Kforce, a staffing services business, has an office in Reston, Virginia that provides its services to the federal government through prime and subcontractors. (Compl. ¶ 7). ThomasRiley is a limited liability company organized under the laws of Maryland with its principal place of business in Washington, D.C. (Compl. ¶ 2). It conducted business as Thomas Riley Strategies LLC until October 1, 2013, and

on May 9, 2014, formed as ThomasRiley Strategies L.L.C. and is the successor in interest to the prior entity. (Compl. ¶ 3). ThomasRiley is a service-disabled veteran-owned business that provides consulting and legislative affairs services out of its Washington, D.C. office. (Compl. ¶ 8).

On July 7, 2018, the parties executed the Settlement Agreement the resolve the claims in a prior lawsuit in this District, *Kforce Inc. v. ThomasRiley Strategies, L.L.C.*, No. 1:18cv0451 (CMH/JFA), effective July 2, 2018. (Compl. ¶¶ 5, 13). Kforce had brought that prior lawsuit on April 18, 2018 due to ThomasRiley's failure to pay invoiced amounts for staffing services as well as the interest due on the unpaid invoices. (Compl. ¶¶ 9-12). In that action, Kforce sought $1,400,879.18 plus any applicable interest. (Compl. ¶ 12). The parties agreed that the Settlement Agreement will be interpreted under the laws of Virginia and is enforceable exclusively in the United States District Court for the Eastern District of Virginia, Alexandria Division, except that a confession of judgment, if necessary, will be made in the Fairfax Circuit Court. (Compl. ¶ 5; Compl. Ex. A § 13). The Agreement also includes a confidentiality provision that allows for disclosure of the terms of the Agreement to the extent necessary for a party to enforce its rights under the Agreement. (Compl. ¶ 14; Compl. Ex. A § 9). The Agreement further provides that, in any action brought by a party in the United States District Court for the Eastern District of Virginia to enforce the Agreement, the party prevailing in that action is entitled to all costs, including reasonable attorneys' fees. (Compl. Ex. A § 13).

Under the terms of the Agreement, ThomasRiley was to make twelve installment payments between June 30, 2018 and May 15, 2019 totaling $1,317,158.33, including 2 percent interest, in accordance with a schedule set forth therein. (Compl. ¶ 16; Compl. Ex. A § 3.a). ThomasRiley was to make the payments by electronic wire transfer no later than 5:00 p.m.

3

Eastern Time in the installment amount shown in the payment schedule. (Compl. ¶ 17; Compl. Ex. A § 3.b). Under Section 4 of the Agreement, if ThomasRiley did not make its payments timely, Kforce would issue a written notice of default. (Compl. ¶ 19; Compl. Ex. A § 4). If ThomasRiley did not meet its obligations within ten days of the written notice of default, the parties stipulated that Kforce would enter judgment against defendant for $1,400,879.18[1] less the installment payments made by ThomasRiley plus 8 percent interest accruing until payment is made and 8 percent of the money due as court costs and attorneys' fees. (Compl. Ex. A § 4). ThomasRiley waived all errors, defects, and imperfections in the entry of the confessed judgment or in any proceeding pursuant thereto, and any benefit of any statute, ordinance, or rule conferring ThomasRiley a right or privilege of exemption, stay, supplementary proceedings, or other relief from enforcement of the confessed judgment amount. (Compl. ¶ 27; Compl. Ex. A § 4).

Pursuant to the Settlement Agreement, Kforce filed a stipulation of dismissal that retained jurisdiction in this court to enforce the terms of the Agreement. (Compl. ¶ 15). ThomasRiley paid the first four installment payments in accordance with the Agreement. (Compl. ¶ 18). ThomasRiley did not timely make the fifth installment payment, which was due on October 15, 2018, and Kforce provided ThomasRiley written notice that it was in default for failure to timely make the installment payment on October 22, 2018. (Compl. ¶ 18). ThomasRiley did not meet its obligations by November 6, 2018, ten days after plaintiff issued the notice of default. (Compl. ¶ 19). In November 2018, ThomasRiley sent a late partial payment of $40,500.00 by check, which Kforce told ThomasRiley it could not accept because

---

[1] As explained in the Settlement Agreement, although the parties agreed that defendant would pay a total amount of $1,317,158.33 in installment payments, in the event of default, plaintiff was entitled to $1,400,879.18 in damages, the amount alleged in the lawsuit, less the installments payments made, as part of the confession of judgment, as well as to interest, costs, and attorneys' fees at the specified rate. (Compl. Ex. A § 4).

4

the check contained a restrictive notion that was against Kforce's lockbox's rules. (Compl. ¶¶ 20-21). Kforce requested that the payment be reissued without the restrictive notation. (Compl. ¶ 21). ThomasRiley has made no other payments since the late partial payment. (Compl. ¶ 22),

Kforce sought to file a confession of judgment in the Fairfax Circuit Court pursuant to Section 4 of the Agreement based on ThomasRiley's failure to cure its breach. (Compl. ¶ 23). Because the rules of the Fairfax Circuit Court require an original, ink-signed signature page to proceed with a confession of judgment, Kforce sought the original signature page of the Settlement Agreement from ThomasRiley and its counsel. (Compl. ¶ 25). ThomasRiley informed Kforce that it had failed to retain a copy of the page, which prevented Kforce from pursuing a confessed judgment. (Compl. ¶¶ 25-26). As a result, Kforce filed the instant action to recover the confessed judgment amount, less the amount received in installment payments, plus interest, attorneys' fees, and costs, pursuant to the Settlement Agreement. (Compl. ¶ 28).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Based on the defendant's failure to file responsive pleadings in a timely manner, the Clerk of Court has entered default against it. (Docket no. 7).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as

alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff alleges that this matter is properly before this court under 28 U.S.C. § 1332 based on complete diversity of citizenship and an appropriate amount in controversy. (Compl. ¶ 4). Plaintiff is a Florida corporation with its principal place of business in Tampa, Florida. (Compl. ¶ 1). As clarified in the motion for default judgment, defendant is a Maryland limited liability company with a sole member who is a citizen of Maryland. (Compl. ¶¶ 2-3; Docket no. 10 at 7). Plaintiff seeks a judgment in excess of $75,000. (Compl. at 8). Given these uncontested facts, this court has jurisdiction over the dispute pursuant to 28 U.S.C. § 1332.[2]

The court also has personal jurisdiction over the defendant. As noted in the complaint, the parties agreed that any disputes regarding the Settlement Agreement will be governed by the laws of the Commonwealth of Virginia and that the Agreement is enforceable exclusively in the United States District Court for the Eastern District of Virginia, Alexandria Division, except for a confession of judgment.[3] (Compl. ¶ 5; Compl. Ex. A § 13). Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise

---

[2] Additionally, this action arises from a breach of the Settlement Agreement executed in an earlier case filed in this District. *See Kforce Inc. v. ThomasRiley Strategies L.L.C.*, No. 1:18cv0451 (CMH/JFA) (E.D. Va.). When dismissing that case pursuant to the parties' stipulation of dismissal with prejudice, this court retained jurisdiction to enforce the terms of the Agreement at issue in this action. *Id.* Docket no. 12.

[3] Section 13 of the Settlement Agreement provides in relevant part:
> This Agreement shall be governed and interpreted in accordance with the laws of the Commonwealth of Virginia and shall be enforceable, exclusively, in the United States District Court for the Eastern District of Virginia, Alexandria Division, except that a Confession of Judgment provided for in Section 4 shall be made in the Circuit Court of Fairfax County, Virginia.

(Compl. Ex. A § 13).

to the claims occurred in the Eastern District of Virginia. (Compl. ¶ 6). Additionally, as discussed, defendant consented to venue in the U.S. District Court for the Eastern District of Virginia in the Settlement Agreement. (Compl. ¶ 5; Compl. Ex. A § 13).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over the defendant, and that venue is proper in this court.

## Service

A corporation, partnership, or other unincorporated association served in a judicial district of the United States may be served in a manner allowed for serving an individual pursuant to Federal Rule of Civil Procedure 4(e)(1) or "by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive process and . . . [if required by statute] by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1). Federal Rule of Civil Procedure 4(e)(1) provides for service of an individual pursuant to state law in the state in which the court is located or where service is made. Because this action was filed in Virginia and defendant was served in Maryland, service under either Virginia or Maryland law would be proper.

Under the Maryland Rules of Civil Procedure, service may be made on a limited liability company "by serving two copies of the summons, complaint, and all other papers filed with it, together with the requisite fee, upon the State Department of Assessments and Taxation" after making two unsuccessful good faith attempts on separate days to serve the registered agent. Md. R. 2-124(o) (LexisNexis 2019). The return of service filed on July 3, 2019 indicates that plaintiff attempted to serve Ron Thomas, ThomasRiley's managing partner, seven times on six different days between May 30, 2019 and June 12, 2019, but was unable to do so. (Docket no. 5

7

at 1). It also indicates that on June 19, 2019, plaintiff served ThomasRiley, care of Ron Thomas, by delivering two copies of the summons, complaint, exhibits, and civil cover sheet on the Maryland State Department of Assessments and Taxation. (*Id.* at 3).

Based on the foregoing, the undersigned recommends a finding that defendant ThomasRiley was properly served with the summons and complaint and had notice of this action.

## Grounds for Entry of Default

On July 22, 2019, plaintiff requested an entry of default as to defendant (Docket no. 6), which the Clerk of Court entered on July 24, 2019 for failure to plead or otherwise defend (Docket no. 7). The District Judge entered an order on July 25, 2019 instructing plaintiff to promptly file a motion for default judgment and supporting memorandum, and to notice the motion for a hearing before the undersigned on Friday, August 23, 2019. (Docket no. 8). The Court forwarded a copy of that order to defendant at the address listed in the case file (*id.*), which is the same address listed on the summons (Docket no. 3). Pursuant to the District Judge's order, plaintiff filed a motion for default judgment and memorandum in support on August 6, 2019 (Docket nos. 9-10), and noticed the motion for a hearing on August 23, 2019 (Docket no. 11). The motion, memorandum in support, and notice of hearing each indicate that defendant was served through Ronald F. Thomas II, Managing Principal, ThomasRiley Strategies, L.L.C. at both 6403 Spunkyheart Place, Clinton, MD 20735 (the address listed in the summons) and 1455 Pennsylvania Avenue N.W., Suite 400, Washington, D.C. 20004 (ThomasRiley's principal place of business). (Docket nos. 9-11). No opposition has been filed by defendant and no one appeared on behalf of defendant at the hearing on August 23, 2019.

8

Accordingly, the undersigned magistrate judge recommends a finding that defendant ThomasRiley was properly served, that it failed to file a responsive pleading in a timely manner, that the Clerk of Court properly entered a default as to ThomasRiley, and that defendant has notice of these proceedings.

## Liability

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the amended complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

### Breach of Contract (Count I)

Count I of plaintiff's single count complaint states a breach of contract claim as to defendant's failure to perform its obligations under the Settlement Agreement by failing to tender payments according to the installment payment schedule in Section 3 of the Agreement and by failing to retain the original signed version of the Agreement to allow Kforce to file a confession of judgment. (Compl. ¶¶ 29-33). In examining a plaintiff's claim, a federal court sitting in diversity jurisdiction must apply state substantive law as announced by the state's highest court. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under Virginia law, the required elements for proving breach of contract are: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (Va. 2009) (citing *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004)).

Under Section 3 of the Settlement Agreement, defendant agreed to make installment payments in accordance with the payment schedule set forth in the Agreement by electronic wire transfer no later than 5:00 p.m. on the days on which each payment was designated as due. (Compl. ¶¶ 16-17; Compl. Ex. A § 3). The payments were to be made in twelve installments between June 30, 2018 and May 15, 2019, and included payment of the principal balance and 2 percent interest. (Compl. ¶¶ 16-17; Compl. Ex. A § 3). Under Section 4 of the Settlement Agreement, that parties agreed that, if defendant failed to pay the installment payments, defendant had ten business days after plaintiff issued a written notice of default to cure the failure to pay. (Compl. ¶ 19; Compl. Ex. A § 4). If defendant failed to meet its obligations within that time period, the parties stipulated that plaintiff would file a confession of judgment against defendant in the Fairfax Circuit Court for $1,400,879.18 less the installment payments made by defendant plus 8 percent interest accruing until payment is rendered in addition to 8 percent of the money due in court costs and attorneys' fees. (Compl. ¶ 23; Compl. Ex. A § 4). A confession of judgment in the Fairfax Circuit Court requires the filing of the "[o]riginal signed Promissory Note." Fairfax Circuit Court, *Confession of Judgment* 2 (2012), https://www.fairfaxcounty.gov/circuit/sites/circuit/files/assets/documents/pdf/confession-of-judgment-instructions.pdf; (*see also* Compl. ¶ 24).

Defendant made the first four installment payments pursuant to the Agreement, for a total of $317,900.00. (Compl. ¶¶ 16, 18). Defendant failed to make the fifth installment payment, due on October 15, 2018, and plaintiff sent defendant a written notice of default on October 22, 2018. (Compl. ¶ 18). Defendant did not cure the default by November 6, 2018, ten business days after plaintiff issued the notice of default. (Compl. ¶ 19). Defendant sent a partial payment of $40,500.00 by check in November 2018 toward the outstanding obligation, but the check had

10

a restrictive notation that was against the rules of plaintiff's lockbox. (Compl. ¶ 21). Plaintiff informed defendant that it would need to reissue the payment without the restrictive notation. (Compl. ¶ 21), To date, defendant has not made any additional payments under the Agreement. (Compl. ¶ 22; Docket no. 10 at 4-5). Pursuant to Section 4 of the Agreement, plaintiff requested the original, ink-signed signature page of the Settlement Agreement to file a confession of judgment in accordance with the rules of the Fairfax Circuit Court. (Compl. ¶¶ 24-25). Plaintiff was informed that defendant failed to keep the original, ink-signed version of the Settlement Agreement, which prevented plaintiff from pursuing a confessed judgment. (Compl. ¶¶ 25-26).

As a direct and proximate result of defendant's failure to pay these obligations and retain an original, ink-signed version of the Settlement Agreement, plaintiff has incurred damages totaling $1,042,479.18 and has been unable to obtain a confession of judgment against defendant as provided for in the Settlement Agreement. (Compl. at 8). Accordingly, defendant violated its legal obligation to plaintiff and plaintiff has been injured by defendant's breach of that obligation. Therefore, the undersigned recommends a finding that plaintiff has established that defendant breached the terms of the Settlement Agreement.

## Measure of Damages

Plaintiff's complaint seeks judgment in the amount of $1,042,479.18, as well as interest at the rate of 8 percent accruing until paid, attorneys' fees equal to 8 percent of the damages plus interest pursuant to Section 4 of the Settlement Agreement, and costs and reasonable attorneys' fees pursuant to Section 13 of the Settlement Agreement. (Compl. at 8). Plaintiff's motion for default judgment requests $1,042,479.18 in damages; interest of 8 percent from November 6, 2018 (the date on which the ten business day period to cure expired) to August 23, 2019 (the date of the hearing on the motion for default judgment), totaling $66,261.69; court costs and

attorneys' fees in an amount equal to 8 percent of the money due, pursuant to Section 4 of the Settlement Agreement; and costs, including reasonable attorneys' fees, pursuant to Section 13 of the Settlement Agreement. (Docket no. 20 at 13-15).

**Money Damages**

Under the terms of the Settlement Agreement, defendant was required to make installment payments in the amounts stated on the specified dates. (Compl. ¶ 16). Defendant first breached the terms of the Settlement Agreement by failing to make the fifth payment by October 15, 2018 or within ten business days after plaintiff issued a written notice of default. (Compl. ¶¶ 16, 18-19). When plaintiff received a partial payment of $40,500.00 by check from defendant in November 2018, plaintiff informed defendant that the restrictive notation prevented it from cashing the check. (Compl. ¶¶ 20-21). To date, plaintiff has not received any other payments from defendant. (Compl. ¶ 22). Therefore, defendant has failed to pay plaintiff the fifth through twelfth installment payments. When plaintiff sought to obtain a confession of judgment against defendant, it could not do so because defendant failed to retain the original, ink-signed signature page that was required to be filed with the Fairfax Circuit Court. (Compl. ¶¶ 23-26). The complaint, the incorporated Settlement Agreement, and the motion for default judgment therefore establish that plaintiff is entitled to a judgment in the amount of $1,400,879.18 less the installment payments received, for a total amount of $1,042,479.18 ($1,400,879.18 (confessed judgment amount) - $82,166.67 (the first installment payment amount) - $72,033.33 (the second installment payment amount) - $81,916.67 (the third installment payment amount) - $81,783.33 (the fourth installment payment amount)- $40,500.00

(the late partial payment)).[4] (Compl. ¶¶ 16, 18, 20-22; Compl. Ex. A §§ 3-4; Docket no. 10 at 13).

For these reasons, the undersigned magistrate judge recommends a finding that plaintiff has established claims for breach of contract under Count I against defendant that entitle it to recover money damages in the amount of $1,042,479.18.

**Interest**

Pursuant to Section 4 of the Settlement Agreement, the parties agreed that, if defendant received a written notice of default and failed to cure that default within ten business days, defendant would pay plaintiff interest at 8 percent accruing until the complete payment is rendered. (Compl. at 8; Compl. Ex. A § 4). In its motion for default judgment, plaintiff seeks interest from November 6, 2018, the date on which interest began accruing, to August 23, 2019, the date of the hearing, even though plaintiff did not receive complete payment by that date. (Docket no. 10 at 13-14, 14 n.5). This equals 8 percent interest accruing for a total of 290 days. (Docket no. 10 at 14).

Based on the contractually agreed-to rate, the undersigned recommends a finding that plaintiff be awarded $66,261.69 in interest ($1,042,479.18 x (.08 x (290 days/365 days))) under Section 4 of the Settlement Agreement.

**Attorneys' Fees and Costs**

Plaintiff seeks attorneys' fees and court costs under Sections 4 and 13 of the Settlement Agreement. The undersigned considers each section in turn. Under Section 4 of the Agreement, the parties stipulate that, if defendant fails to meet its obligations to make the installment

---

[4] Plaintiff's motion for default judgment clarifies that defendant did not reissue the partial payment without the restrictive notation, but plaintiff nevertheless deducts the partial payment from the damages it requests. (Docket no. 10 at 4-5, 13). The undersigned therefore also deducts the partial payment when calculating the recommended award.

13

payments within ten business days after plaintiff issued a written notice of default, plaintiff is entitled to "court costs and attorneys' fees in an amount equal to 8% of the amount of money due." (Compl. Ex. A § 4). Virginia courts regularly recognize and enforce parties' contractual agreements regarding awards of attorney's fees. *Cf. Ulloa v. QSP, Inc.*, 624 S.E.2d 43, 49 (Va. 2006) ("[P]arties are free to draft and adopt contractual provisions shifting the responsibility for attorneys' fees to the losing party in a contract dispute." (citing *Mullins v. Richlands Nat'l Bank*, 403 S.E.2d 334, 335 (1991))); *Airlines Reporting Corp. v. Sarrion Travel, Inc.*, 846 F. Supp. 2d 533, 536 (E.D. Va. 2012) ("To begin with, under Virginia law, 'contractual provisions shifting attorneys' fees . . . are valid and enforceable.'" (quoting *Signature Flight Support Corp. v. Landow Aviation Ltd. P'ship*, 730 F. Supp. 2d 513, 318 (E.D. Va. 2010))). Section 4 fixes the amount of costs and fees to 8 percent of the amount awarded. Because the undersigned recommends a finding that plaintiff is entitled to an award of $1,108,740.87 ($1,042,479.18 in money damages + $66,261.69 in interest), the undersigned recommends an award of $88,699.27 in attorneys' fees and costs ($1,108,740.87 x 0.08) in favor of plaintiff under Section 4 of the Settlement Agreement.[5]

Plaintiff has also requested leave to submit a calculation of reasonable fees and costs incurred in prosecuting this action should its motion for default judgment be granted so that those costs and fees may be awarded under Section 13 of the Settlement Agreement. (Docket no. 10 at 15). Under Section 13, the parties agree "that in any action brought by either party in the United States District Court for the Eastern District of Virginia to enforce this Agreement, the prevailing party shall be entitled to all costs, including reasonable attorneys' fees." (Compl. Ex. A § 13). As already discussed, the undersigned recognizes that courts in Virginia regularly

---

[5] Plaintiff's motion for default judgment seeks an award of $88,700.07. (Docket no. 10 at 15). However, 8 percent of the total amount awarded in money damages and interest is $88,699.27.

enforce fee-shifting provisions. Under the facts and circumstances of this case, however, the undersigned does not recommend an additional award of attorney's fees under Section 13. Defendant agreed to the liquidated rate at which attorney's fees and court costs would be awarded if defendant defaulted on its obligations under the Settlement Agreement. An award of attorneys' fees and costs at the rate of 8 percent of the amount due is a reasonable award in light of the parties' agreement and an appropriate amount to be awarded on a motion for default judgment. The undersigned therefore does not recommend an additional award of reasonable attorneys' fees and costs pursuant to Section 13 of the Settlement Agreement.

Accordingly, the undersigned recommends a finding of attorneys' fees and court costs in the total amount of $88,699.27.

## Conclusion

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of plaintiff Kforce Inc. and against defendant ThomasRiley Strategies, L.L.C. in the total amount of $1,197,440.14 ($1,042,479.18 in money damages + $66,261.69 in interest + $88,699.27 in attorneys' fees and costs) with interest to accrue at the rate of 8% until paid.

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Ronald F. Thomas II, Managing Principal, ThomasRiley Strategies, L.L.C., 6304 Spunkyheart Place, Clinton, MD 20735 as well as to Ronald F. Thomas II, Managing Principal, ThomasRiley Strategies, L.L.C., 1455 Pennsylvania Avenue N.W., Suite 400, Washington, D.C. 20004, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely

objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 23rd day of August, 2019.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia